SUPREME LODGE KNIGHTS OF HONOR, PLAINTIFF IN ERROR, v. JAMES L. JAGGERS, ADMINISTRATOR OF ELIZA J. JAGGERS, DEFENDANT IN ERROR.

Argued November 8 and 9, 1897—Decided June 13, 1898.

The by-laws of a benevolent society provided that the suicide of a member should invalidate a benefit certificate issued upon his life. *Held,* that a suit upon such certificate could not be defeated merely by proof that the attending physician of the deceased member, in an affidavit procured from him *by the society,* had declared that the decedent had died by his own hand.

On writ of error to Essex Circuit Court.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, GUMMERE and LUDLOW.

For the plaintiff in error, *J. Franklin Fort.*

For the defendant in error, *Samuel Kalisch.*

The opinion of the court was delivered by

GUMMERE, J.  One George N. Jaggers, on the 15th day of September, 1881, became a member of the Knights of Honor, and on the same day there was issued to him a " benefit certificate " by said association in the sum of $2,000, payable to his wife at his death.  The certificate contained a provision that it should be valid only " upon condition that the statement made by said member in his petition for membership, and the statements made by him to the medical examiner, be made a part of his contract, and upon condition that said member complies with the laws, rules and regulations now governing this order or that may hereafter be enacted for its government, and is in good standing at the time of his death."

Jaggers having died on the 15th day of October, 1896, his wife, Eliza J. Jaggers, demanded from the plaintiff in error the payment of the $2,000 called for by the benefit certificate. Payment, however, was refused to her on the ground that her husband had died by his own hand, and that for that reason the insurance was void by virtue of the thirty-eighth by-law of the order, which declared that the order would not pay the benefits of those members who should commit suicide, whether sane or insane, except it be committed in delirium resulting from illness, or while the member is under treatment for insanity, or after the member has been judicially declared to be insane.

Upon payment being refused Mrs. Jaggers instituted this

suit, and she having died during its pendency, it was revived by her administrator, the defendant in error.

At the trial of the case, the defendant in error having made out a *prima facie* case, the plaintiff in error sought to defeat his recovery by proving the existence of the law above cited, and then attempting to prove the existence of the fact upon which it had originally refused payment of the benefit, namely, that Jaggers had committed suicide by the inhalation of illuminating gas. At the close of the testimony the trial judge directed a verdict for the plaintiff (the defendant in error), on the ground that the defendant had failed to prove by any competent evidence that Jaggers had violated any of the conditions of the beneficiary certificate, and it is for the purpose of reviewing this action of the court below that this writ of error has been sued out.

In the judgment of this court there was no error in the judicial action complained of. The defendant failed utterly in its attempt to prove that the death of the decedent was suicidal, and there was no contention that the provisions of the beneficiary certificate had been violated by him except in this one particular.

The method adopted by the plaintiff in error for establishing the suicide of Jaggers was the production and offering in evidence of a paper which it asserted was the official proof of death. It was signed by certain officers of the lodge, and had annexed to it what purported to be the affidavit of the attending physician, in which it was stated that the deceased had committed suicide by asphyxiating himself with illuminating gas. No other evidence was offered to prove that the decedent's death was suicidal, the insistment of the plaintiff in error being that the affidavit of the attending physician was sufficient proof of that fact.

Whether the paper was in reality what it purported to be was not shown, nor was there any proof that it came from the hands of Mrs. Jaggers, the intestate of the defendant in error. Its admission in evidence was sought to be justified on the ground that, at the beginning of the trial, the parties had

agreed upon the existence of certain facts, one of which was " the receipt by the defendant (the plaintiff in error) of official death notice, signed by Eliza N. Jaggers, on 4th November, 1896 ;" but it is manifest that the paper offered was not the one referred to in the agreed state of facts, because, as has already been stated, it was signed by certain officers of the lodge and not by Eliza N. Jaggers.

In this state of the case the paper offered in evidence was entirely without probative force in establishing the fact that George N. Jaggers died by his own hand.

The judgment of the Circuit Court should be affirmed.